# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANGELA SANDERSON; KENNETH AND BARBARA HARPER; GRANT AND LORI MORRING; ROBERT AND DIANE [sic] HOWARD, )<br><br>Plaintiffs, )<br><br>v. )<br><br>AMERIQUEST MORTGAGE COMPANY, )<br><br>Defendant. ) | CASE NUMBER<br><br>1:07-cv-00800-B |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

According to the allegations in plaintiffs' Complaint, seven different plaintiffs allegedly attempted to rescind four different "residential real estate mortgage loan[s]" ***more than two years after*** each of the different plaintiffs had originally obtained their respective "residential real estate mortgage loan[s]." Indeed, one of the plaintiffs waited ***more than three years*** before allegedly attempting to rescind, and the loan for two of the plaintiffs was apparently never funded, meaning that there was nothing to rescind when these two plaintiffs allegedly sent their rescission letter more than two years later.

1625552 v1

All plaintiffs were provided ample notice of their rights to rescind at the time of the underlying transactions back in 2004 and 2005, respectively. At the time they allegedly attempted to rescind more than two years later, none of the plaintiffs had a right to rescind, and any other claims plaintiffs may bring are barred by the relevant statute of limitations. As set forth in more detail below, all of plaintiffs' claims are due to be dismissed under Rule 12(b)(6):

# I. FACTS

The following facts are alleged in plaintiffs' Complaint or are set forth in documents referenced in the Complaint:

1. Plaintiffs allege that each of them obtained a "residential real estate mortgage loan" from defendant Ameriquest Mortgage Company ("Ameriquest"):[1]

   a. Plaintiff Angela Sanderson allegedly obtained her loan on September 25, 2004.[2]

   b. Plaintiffs Kenneth and Barbara Harper allegedly obtained their loan on February 18, 2005.[3] In fact, based on plaintiffs' counsel's October 4, 2007 correspondence referenced in paragraph 29 of the Complaint, it appears

---

[1] Doc. 1, Compl., ¶¶ 14, 25, 36, & 47. Of course, if the Court were to opt not to dismiss plaintiffs' Complaint, the Court would also need to consider whether all seven plaintiffs are properly joined in this action under Rule 20(a). *See* FED. R. CIV. P. 20(a). There are at least four separate "residential real estate mortgage loan[s]" placed at issue by plaintiffs' Complaint.

[2] Doc. 1, Compl., ¶ 14.

[3] *Id.* at ¶ 25.

    the actual date on this "loan" was January 14, not February 18.[4]

  c. Plaintiffs Grant and Lori Morring allegedly obtained their loan on November 24, 2004.[5]

  d. Plaintiffs Robert and Diane Howard allegedly obtained their loan on May 19, 2005.[6]

  2. Regarding in particular the allegation that plaintiffs Kenneth and Barbara Harper obtained a "loan,"[7] Ameriquest is still investigating this matter and will likely dispute this allegation if plaintiffs' claims are not dismissed. Ameriquest's records reflect that the Harpers executed loan documents on or about January 14, 2005, but that this loan was never funded.

  3. All plaintiffs (including the Harpers) admit that they were provided "form notices" of their rescission rights at the time of closing, but they allege that these notices were "blank, unsigned and not dated" and that "at no point at or after

---

[4] *See* Ex. A, attached hereto (with loan numbers redacted). Presumably, the date "February 18" reflects a typographical error in paragraph 25 of the Complaint.

[5] Doc. 1, Compl., ¶ 36.

[6] *Id.* at ¶ 47. Ms. Howard signed her loan documents under the name "Diana," not "Diane," as alleged in paragraph 46 of the Complaint. Presumably, the name "Diane" is either a nickname or else reflects a typographical error in the Complaint.

[7] *Id.* at ¶ 25.

closing" was any plaintiff provided a "completed, dated or signed notice of their right to cancel the transaction."[8]

4.   Plaintiffs admit that they each were provided a notice of Ameriquest's contractual "ONE WEEK CANCELLATION PERIOD,"[9] but they allege that this notice was "confusing" and was "also delivered unsigned and undated."[10]

5.   Plaintiffs do not dispute that they each signed the "NOTICE OF RIGHT TO CANCEL" form and specifically acknowledged:  "The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by the lender in compliance with the Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221)."[11]  Plaintiffs also do not dispute that they

---

[8] *Id.* at ¶¶ 8, 15, 26, 37, & 48.

[9] *Id.* at ¶ 9.

[10] *Id.* at ¶¶ 16, 27, 38, & 49.

[11] *See* Exs. B-E, attached hereto (with loan numbers redacted).  If the Court determines that it needs to evaluate these "NOTICE OF RIGHT TO CANCEL" forms in order to dismiss plaintiffs' claims, the Court may still dispose of the matter under Rule 12(b)(6) and not under summary judgment as provided for in Rule 56:  "[A] document central to the complaint that the defendant appends to its motion to dismiss is properly considered, provided that the contents are not in dispute."  *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).  In this case, the contents of the "NOTICE OF RIGHT TO CANCEL" documents do not appear to be in dispute:  "'Undisputed' in this context means that the authenticity of the document is not challenged."  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  Plaintiffs, presumably, do not dispute the authenticity of their own signatures.

specifically acknowledged, at closing, receipt of Ameriquest's "ONE WEEK CANCELLATION PERIOD" form,[12] which contractually provided plaintiffs a longer cancellation period than was required by the federal statute.

6. Notwithstanding being informed, on September 25, 2004, January 14, 2005, November 24, 2004, and May 19, 2005, respectively, of their rights to rescind,[13] the plaintiffs did **not** attempt to rescind their loans until they allegedly sent letters on October 11, 2007 (Sanderson), October 4, 2007 (Harper), September 20, 2007 (Morring), and July 5, 2007 (Howard), respectively.[14] In other words, all plaintiffs waited **more than two years** before attempting to rescind.

7. Then, on November 13, 2007, plaintiffs filed the present action against defendants, alleging TILA violations and seeking, *inter alia*, statutory damages, actual damages, rescission, declaration that security interests are void, return of moneys, declaration that plaintiffs have no duty to tender loan proceeds to defendants, and attorney fees and costs.[15]

---

[12] *See* Exs. F-I, attached hereto (with loan numbers redacted). Per footnote 11, *supra*, the Court may consider these "ONE WEEK CANCELLATION PERIOD" forms on a Rule 12(b)(6) motion.

[13] Doc. 1, Compl., ¶¶ 8-9; *see also* Exs. B-I, attached hereto.

[14] Doc. 1, Compl., ¶¶ 18, 29, 40, & 51.

[15] *Id*. at unnumbered "WHEREFORE" paragraphs following ¶¶ 23, 34, 45, & 56.

## II. ARGUMENT

A. **Any TILA Claims Plaintiffs May Attempt To Bring Unrelated To Their Alleged Attempted Rescissions Are Barred By The Statute Of Limitations.**

Any TILA claims regarding defendant's alleged "fail[ure] to give proper notice of plaintiff's right to cancel the loan"[16] are barred by the relevant statute of limitations. A Rule 12(b)(6) motion to dismiss for failure to state a claim is proper "when failure to comply with the statute of limitations is plain on the face of the complaint."[17] In this case, the statute under which plaintiffs seek relief provides, in relevant part: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, ***within one year from the date of the occurrence*** of the violation."[18] Plaintiffs allegedly obtained their loans between September 25, 2004 and May 19, 2005.[19] As such, plaintiffs' Complaint, filed ***more than two years later*** on November 13, 2007, was clearly filed outside of the statute's one-year limitations period, and any relief plaintiffs

---

[16] *See id.* at ¶¶ 23, 34, 45, & 56.

[17] *Foster v. Savannah Comm.*, 140 Fed.Appx. 905, 907 (11th Cir. 2005); *Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982).

[18] 15 U.S.C. § 1640(e) (emphasis added).

[19] Doc. 1, Compl., ¶¶ 14, 25, 36, & 47.

may seek for Truth-in-Lending violations unrelated to their attempted rescissions beginning on July 5, 2007[20] are time-barred.

### B. Plaintiff Angela Sanderson Had No Right to Rescind More Than Three Years After The Transaction In Question.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted when it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.[21]  Such is the case here.  The statute under which plaintiffs seek relief provides, in relevant part:

> An obligor's right to rescind shall expire *three years* after the date of the consummation or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . .[22]

In this case, plaintiff Angela Sanderson allegedly obtained her loan on September 25, 2004 but did not attempt to rescind this loan until October 11, 2007.[23]  In other words, even assuming that the allegations in plaintiffs' Complaint were true,

---

[20] *See id.* at ¶¶ 18, 29, 40, & 51.

[21] FED. R. CIV. P. 12(b)(6); *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005).

[22] 15 U.S.C. § 1635(f) (emphasis added).

[23] Doc. 1, Compl., ¶¶ 14 & 18.

plaintiff Sanderson's right to rescind had already expired **_before_** she allegedly "notified defendant of her election to rescind"[24] more than three years later.

### C. Plaintiffs Kenneth and Barbara Harper Had No Right To Rescind A Loan That Was Never Funded.

If plaintiffs' claims are not dismissed, the parties will need discovery on whether or not plaintiffs Kenneth and Barbara Harper ever obtained a loan from Ameriquest as they allege. Ameriquest's records reflect that the loan identified in paperwork dated January 14, 2005 was never funded, and this is the same loan that plaintiffs' counsel apparently attempted to rescind on October 4, 2007.[25] If the loan was never funded, there was nothing to rescind more than two years later in 2007,[26] and plaintiffs' allegation that Ameriquest "fail[ed] to take actions after rescission required by 15 U.S.C. § 1635(b) . . . ."[27] would lack foundation.

---

[24] *Id.* at ¶ 18.

[25] *See* Ex. A, attached hereto (with loan numbers redacted). This October 4, 2007 letter was referenced in paragraph 29 of the Complaint, and per footnote 11, *supra*, plaintiffs' counsel's letter may be considered on a Rule 12(b)(6) motion.

[26] For example, where a loan *is*, in fact, funded but is subsequently paid off by the borrower, some courts have held that TILA's rescission rights are terminated by the pay-off of the loan. *See King v. California*, 784 F.2d 910, 913 (9th Cir. 1986); *accord Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp.2d 737, 746 (N.D. Ill. 2002).

[27] Doc. 1, Compl., ¶ 34.

### D. Plaintiffs' Allegation That They Were Not Provided Notice Of Their Rescission Rights Is Contradicted By their Own Complaint.

Plaintiffs' claims in this case are premised on their allegations that they were never provided with appropriate notice of their rights to rescind, thereby extending their rescission rights for the full three-year period set forth in 15 U.S.C. § 1635(f). However, absent this allegation in plaintiffs' Complaint, the Truth-in-Lending Act prescribes a narrow window of time in which to exercise rescission rights -- namely, "until midnight of the ***third business day*** following the consummation of the transaction or the delivery of the information and the rescission forms required under this section together with a statement containing all the material disclosures."[28]  And while courts, in evaluating dismissal under Rule 12(b)(6), should assume allegations in the Complaint to be true, courts should not "swallow the plaintiff's invective hook, line, and sinker" and "must refrain from crediting … bald assertions, unsupportable conclusions and 'opprobrius epithets.'"[29]

Plaintiffs' allegation in this case that "at no point at or after closing" was any plaintiff provided a "completed, dated or signed notice of their right to cancel the transaction"[30] is squarely contradicted by the "NOTICE OF RIGHT TO CANCEL" forms and "ONE WEEK CANCELLATION PERIOD" forms that each of the

---

[28] 15 U.S.C. § 1635(a) (emphasis added).

[29] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[30] Doc. 1, Compl., ¶¶ 15, 26, 37, & 48.

plaintiffs signed on September 25, 2004, January 14, 2005, November 24, 2004, and May 19, 2005, respectively.[31] Under the statute, plaintiffs' acknowledgements create a "rebuttable presumption" that they received the forms.[32] Plaintiffs in this case apparently ***do not dispute the authenticity*** of their respective acknowledgments. Instead, plaintiffs' Complaint raises two unrelated challenges to the presumption that they each were informed of their rescission rights at the time of closing.

**First**, plaintiffs allege that their copies of the "NOTICE OF RIGHT TO CANCEL" forms were blank -- in other words, that the date was only filled in on the lender's copies.[33] This allegation is intended to bring plaintiffs' claims within the fact-patterns of the Fifth Circuit's *Williamson* holding[34] and the Ninth Circuit's *Semar* holding.[35] The Fifth Circuit in *Williamson* and the Ninth Circuit in *Semar* -- opinions which have never been followed by the Eleventh Circuit[36] -- held that a

---

[31] *See* Exs. B-I, attached hereto.

[32] 15 U.S.C. § 1635(c).

[33] Doc. 1, Compl., ¶¶ 15, 26, 37, & 48.

[34] *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

[35] *Semar v. Platte Valley Fed. Savings & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986).

[36] *Cf. Smith v. Am. Fin. Sys., Inc.*, 737 F.2d 1549, 1555 (11th Cir. 1984) (distinguishing that portion of *Williamson* discussing a lender's failure to disclose a security interest).

lender's failure to fill in the expiration date on the notice form renders the notice ineffective and, thus, extends the rescission period for the full three-year period set forth in 15 U.S.C. § 1635(f). However, the First Circuit's recent decision in *Palmer v. Champion Mortgage*[37] is more instructive as to the facts alleged at bar. In *Palmer*, the plaintiff's "Notice of Right to Cancel" form informed her that she had until April 1, 2003 to exercise her right of rescission, but the plaintiff claimed she had not received her copies of this form until sometime after April 1. The *Palmer* court noted that the Notice also "twice indicated in plain language that, in the alternative, the debtor had three business days after *receipt* of the Notice in which rescind."[38] The First Circuit thus held this Notice sufficient to apprise plaintiff of her rights and specifically distinguished the case at bar from the Ninth Circuit's *Semar* holding, which the First Circuit construed narrowly to cover only those cases where the lender's notice provides "no rescission deadline whatsoever."[39]

In the present case, as in *Palmer,* the "NOTICE OF RIGHT TO CANCEL" forms that each of the plaintiffs admittedly took home at closing[40] twice indicated

---

[37] *Palmer v. Champion Mortgage*, 465 F.3d 24, 28 (1st Cir. 2006).

[38] *Id.* at 27-28.

[39] *Id.* at 29.

[40] Doc. 1, Compl., ¶ 8.

to them that they had "THREE BUSINESS DAYS" from the "date you received this notice of your right to cancel" in which to rescind the transaction. Moreover, none of the plaintiffs disputes that the "Document Signing Date" and the "Final Date to Cancel" lines were, in fact, filled in on the copies each of the plaintiffs signed on September 25, 2004, January 14, 2005, November 24, 2004, and May 19, 2005, respectively.[41] It is well-settled in the Eleventh Circuit that "**_TILA does not require perfect notice_**; rather it requires a clear and conspicuous notice of rescission rights."[42] In this case, **_each plaintiff admits that he/she was informed of his/her right to rescind at the time of closing_**.[43] As such, plaintiffs' claims are due to be dismissed under Rule 12(b)(6).

**Second**, plaintiffs seek to circumvent the statutory proviso giving them until "midnight of the third business day following the consummation of the transaction"[44] to rescind, by alleging that the additional "ONE WEEK CANCELLATION PERIOD" form they signed was "confusing" and "obscur[ed]" their "actual statutory rights."[45] Plaintiffs are apparently seeking to rely on case

---

[41] *See* Exs. B-E, attached hereto.

[42] *Smith v. Highland Bank*, 108 F.3d 1325, 1327 (11th Cir. 1997); *Veale v. Citibank, F.S.B.*, 85 F.3d 577, 580 (11th Cir. 1996) (emphasis added).

[43] *See* Doc. 1, Compl., at ¶¶15, 26, 37, & 48.

[44] 15 U.S.C. § 1635(a).

[45] Doc. 1, Compl., ¶¶ 8, 16, 27, 38, & 49.

law from other circuits analyzing what happens when a lender provides the wrong or conflicting forms, depending on whether or not the transaction in question is a "refinancing" transaction.[46] Although these decisions from other circuits are not directly on point, plaintiffs presumably will rely on these authorities to support their claims that defendants in this case somehow "obscur[ed]" their statutory rights to rescind by contractually providing plaintiffs a period of time longer than the three business days set forth in the statute.  In *Veale*, however, the Eleventh Circuit **_specifically disagreed with and declined to follow_** the Third Circuit's *Porter* holding.[47]  Moreover, the First Circuit just recently declined to follow the Seventh Circuit's *Handy* holding, noting that *Handy* appeared inconsistent with the Eleventh Circuit's *Highland Bank* and *Veale* decisions.[48]

---

[46] *See Handy v. Anchor Mortgage Corp.*, 464 F.3d 760, 764 (7th Cir. 2006) (lender did not provide proper notice of right to rescind where lender provided two separate notices of rescission rights, one for "refinancing" transactions and the other more general form for other transactions); *In re Porter*, 961 F.2d 1066 (3d Cir. 1996) (lender did not provide proper notice of right to rescind where lender failed to provide the specific form explaining the exception for "refinancing" transactions).

[47] *Veale*, 85 F.3d at 581.

[48] *Santos-Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12, 17 n.6 (1st Cir. Apr. 19, 2007) ("We do not follow the Seventh Circuit's view that 'TILA does not easily forgive 'technical' errors.'  As the Eleventh Circuit has explained [in *Highland Bank*], Congress in 1995 rejected this hyper-technical view of TILA….") (citations omitted).  The *Santos-Rodriguez* court further explained that that *Veale* was still good law.  *Id.* at 18 n.10.

In this case, plaintiffs do not dispute that they received and signed, on September 25, 2004, January 14, 2005, November 24, 2004, and May 19, 2005, respectively, both the "NOTICE OF RIGHT TO CANCEL" forms and the "ONE WEEK CANCELLATION PERIOD" forms.[49]  It is further undisputed that ***no*** plaintiff in this case made any attempt to rescind the transactions either within the statutory three-day period or within the one-week contractual period.  As such, plaintiffs' rights to rescind expired long before they allegedly began sending rescission letters on July 5, 2007,[50] and their present claims are due to be dismissed.

### III. CONCLUSION

**WHEREFORE**, defendants respectfully request that the Court enter an order dismissing the plaintiffs' Complaint.

Respectfully submitted,

s/Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)

Attorney for Defendant
Ameriquest Mortgage Company

---

[49] *See* Exs. B-I, attached hereto.

[50] Doc. 1, Compl., ¶¶ 18, 29, 40, & 51.

**OF COUNSEL:**

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
sbumgarn@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

> Kenneth J. Riemer, Esq.
> P.O. Box 1206
> Mobile, Alabama  36633
>
> Earl P. Underwood, Jr., Esq.
> James D. Patterson, Esq.
> Law Offices of Earl P. Underwood, Jr.
> P.O. Box 969
> Fairhope, Alabama 36533-0969

s/ Stephen J. Bumgarner
OF COUNSEL